# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| INTERMED RESOURCES TN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:22-cv-00850 |
| v. | ) | |
| | ) | |
| CAMBER SPINE, LLC, | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE NEWBERN |
| Defendant. | ) | |

## MEMORANDUM & ORDER STAYING CASE

Pending before the Court is a motion to transfer venue or, in the alternative, stay proceedings filed by Defendant Camber Spine, LLC ("Camber"). (Doc. No. 6). Plaintiff Intermed Resources, LLC ("Intermed"), filed a Response. (Doc. No. 8). Camber filed a Reply. (Doc. No. 9).

Camber and Intermed each bring claims arising out of the same agreement in separate cases currently before this Court and the United States District Court for the Eastern District of Pennsylvania, *Camber Spine Technologies v. Intermed Resources TN, LLC*, Civil Action No. 2:22-03648 ("*Pennsylvania Action*").[1] The *Pennsylvania Action* was filed by Camber in state court in Pennsylvania on August 16, 2022, and subsequently removed to federal court. (*See* Doc. No. 7-1). This action was initiated by Intermed in the Chancery Court for Williamson County, Tennessee on September 20, 2022 and subsequently removed to this Court. (Doc. No. 1).

---

[1] Camber states that although Intermed named Camber Spine, LLC, in the Complaint, "Camber Spine" is a fictitious name and the proper corporate name for the entity is Camber Spine Technologies, LLC. (Doc. Nos. 9, 10). Intermed disputes that these are the same entities and that this case and the *Pennsylvania Action* involve the same parties.

The parties appear to agree that the two cases should be consolidated, but they disagree as to which jurisdiction should hear the dispute. Camber and Intermed have filed a motions to transfer venue. Camber filed the instant motion (Doc. No. 6) to transfer this case to the United States District Court for the Eastern District of Pennsylvania. Intermed filed a motion in the *Pennsylvania Action* seeking to dismiss for lack of personal jurisdiction, failure to name the real party in interest, and to transfer the case to the Middle District of Tennessee. *See Pennsylvania Action*, Doc. No. 8.

Several factors point toward deferring a decision on the Camber's Motion to Transfer until after the United States District Court for the Eastern District of Pennsylvania issues a ruling on Intermed's motion to dismiss or transfer venue. Not only is the *Pennsylvania Action* the first-filed case, Intermed has raised challenges to personal jurisdiction in Pennsylvania. Deferring ruling on the instant motion will serve the dual purpose of conserving the resources of the Court and the parties and preventing possible contradictory rulings.

Accordingly, Camber's Motion to Transfer or, in the Alternative, Stay Proceedings (Doc. No. 6) is **GRANTED IN PART**. This case will be **STAYED** and **ADMINISTRATIVELY CLOSED** pending a ruling in the *Pennsylvania Action* on Intermed's motion to dismiss and motion to transfer venue. The parties shall notify the Court within ten days of the ruling on Intermed's motion to dismiss and motion to transfer venue. The portion of Camber's Motion that seeks to transfer this case to the Eastern District of Pennsylvania is **DENIED WITHOUT PREJUDICE** to refiling, if necessary, following the ruling.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE